UNITED STATES of America

v.

Pedro BARRIO HERNANDEZ, et al.

Crim. No. 86–578(PG).

United States District Court,
Puerto Rico.

March 9, 1987.

---

Charles Fitzwilliam, Asst. U.S. Atty., Hato Rey, Puerto Rico, for U.S.

John M. García, Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

After the hearing held on March 5, 1987, the Court took under advisement several pending motions. At this time we shall proceed to render our ruling on those motions. We shall first turn to defendants' "Motion to Dismiss the Indictment," filed on December 29, 1986.

Contrary to the allegations by defendants, the superseding indictment charges as criminal conduct under 21 U.S.C. §§ 955a, 955a(f), and 18 U.S.C. § 2, the possession with intent to distribute *aboard a vessel subject to the jurisdiction of the United States* a Schedule I controlled substance. Defendants have alleged that the Court is deprived of subject matter jurisdiction as they maintain that the M/V SEE WONDERER is not a vessel of the United States or subject to its jurisdiction. Defendants first allege that at the time of the Coast Guard's intervention with said vessel the SEE WONDERER was not a stateless vessel, that she had a Honduras flag and is in fact registered in Honduras.

It appears from the written statements by J.S. Schneider, LTJG, USCG; and SN Gerardo González, (both reports have been annexed to the record as exhibits A and B with the "Motion In Compliance With Court Order Pursuant to Rule 14, Federal Rules of Criminal Procedure," filed February 10, 1987) that although subsequently and upon request by the Coast Guard a Honduras flag was shown, the vessel flew no flag. These statements further evince that there was a repeated evasiveness to board on part of the Master Pedro Barrio Hernández. Besides, in spite that Honduran registry was alleged, it is a fact that such registration was not confirmed or verified. On the contrary, such registry claim was refuted initially. The United States government maintains that at that point the vessel became a stateless vessel for law enforcement purposes. *See, United States v. Barrio,* 556 F.Supp. 395, 398 (D.P.R.1982); *United States v. Williams,* 617 F.2d 1063,

1077 (5th Cir.1980); *United States v. Matute,* 767 F.2d 1511, 1512 (11th Cir.1985); *United States v. Alvarez-Mena,* 765 F.2d 1259, 1264 (5th Cir.1985); *United States v. González,* 776 F.2d 931, 938 (11th Cir.1985); *United States v. Romero-Galue,* 757 F.2d 1147, 1154 (11th Cir.1985).

It is clear that the term vessel subject to the jurisdiction of the United States as comprised in 21 U.S.C. § 955a is defined to include a vessel without nationality or a vessel assimilated to a vessel without nationality. *United States v. Alvarez Mena, supra,* at 1264.

■ If we reach the conclusion that the SEE WONDERER was a stateless vessel, then there is no need for proof of a nexus between the stateless vessel and the country seeking to effectuate jurisdiction. Jurisdiction exists solely as a consequence of the vessel's status as stateless pursuant to 21 U.S.C. § 955a. *United States v. Batista,* 731 F.2d 765 (11th Cir.1984); *United States v. Marino-Barcia,* 679 F.2d 1373 (11th Cir.1982), *cert. denied,* 459 U.S. 1114, 103 S.Ct. 748, 74 L.Ed.2d 967 (1983).

Defendants have proceeded to refute the argument that the SEE WONDERER was a stateless vessel. During the hearing on March 5, 1987, they alleged that the vessel was in fact registered in Honduras and that the government's denial of registry is explainable because the vessel's certification had simply expired. *See, United States v. Pinto-Mejía,* 720 F.2d 248 (2nd Cir.1983). The defendants maintain that under such circumstances the SEE WONDERER was not a stateless vessel and that the U.S. Coast Guard was therefore without jurisdiction to board the vessel.

■ Even assuming that defendants are right and that the SEE WONDERER was not a stateless vessel, we cannot conclude that the Coast Guard was without jurisdiction to board in view that the nation of claimed registry gave permission to stop and board two days later from the initial boarding.

■ The boarding of a foreign vessel is permitted under 19 U.S.C. §§ 1581(h), 1587(a) thru the consent of the flag state by a special arrangement. The consent from the flag state as such is a special arrangement, *United States v. Green,* 671 F.2d 46, 51 (1st Cir.), *cert. denied* 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982), and the same does not contemplate any particular form. All that is required is the express consent of the foreign nation authorizing the enforcement of United States laws with respect to the particular vessel. *United States v. González,* 776 F.2d 931, 936 (11th Cir.1985). Even an informal consent suffices. *United States v. González, supra,* fn. 8 at p. 937. Therefore, the Coast Guard did not violate 19 U.S.C. § 1581(h) since permission to board was given, thus satisfying the special arrangement requirement of 19 U.S.C. § 1581(h). *United States v. Pena-Jessie,* 763 F.2d 618, 621 (4th Cir.1985).

■ Defendants have further challenged the validity of this special arrangement alleging that the same is not valid because the consent in the instant case was given by the nation after the boarding of the vessel. It has been held that such allegation lacks merit. *United States v. Reeh,* 780 F.2d 1541, 1547 (11th Cir.1986); *United States v. Sainsbury-Suárez,* 797 F.2d 931, 934 (11th Cir.1986). Moreover, what is important is the nation's ratification of the decision to board before the case comes to trial. *United States v. Reeh, supra.* In view of the foregoing, we find that even if we assume that the SEE WONDERER was not a stateless vessel, the Coast Guard acted under authority by virtue of the consent of the nation, which is an expression of international cooperation and coordination at the national level to prevent and repress drug trafficking, *United States v. Williams,* 617 F.2d 1063, 1075–1077 (5th Cir.1980); *United States v. Streifel,* 507 F.Supp. 480, 486 (S.D.N.Y.), *aff'd,* 665 F.2d 414 (2nd Cir.1981), such consent being valid although it was given after the boarding. *United States v. Reeh, supra; United States v. Sainsbury-Suárez, supra.*

Wherefore, in view of the foregoing the motion to dismiss must be and is hereby DENIED.

Concerning the motion for severance, it appears that the same is grounded on the fact that an oral statement was volunteered to the Coast Guard personnel by one of the defendants, Pedro Barrio Hernández, advising them prior to the arrest and in the presence of the other defendants that there was marihuana aboard the M/V SEE WONDERER.

■ In determining whether severance is appropriate under Fed.R.Cr.P. 14, the interests of judicial economy must be balanced against the alleged prejudice that a joint trial will cause. It is established that in order to obtain severance a defendant must make a strong showing of prejudice. *United States v. Luciano Pacheco*, 794 F.2d 7, 8 (1st Cir.1986). In fact, joinder is the rule. *United States v. Monks*, 774 F.2d 945, 948 (9th Cir.1985). The rule is especially evident when a conspiracy is charged. *United States v. Peters*, 791 F.2d 1270, 1287 (7th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986); *United States v. Horsley*, 621 F.Supp. 1060, 1068 (D.Pa.1985). Persons jointly indicted in a conspiracy should be tried together. *United States v. Lee*, 744 F.2d 1124, 1126 (5th Cir.1984).

■ Such are the circumstances in the present case. Here we have a one-count indictment charging all defendants for aiding and abetting each other with intentionally possessing with intent to distribute approximately 98,325 lbs. of marihuana.

Case law has established that the remedy of severance is justified only if the prejudice flowing from a joint trial is clearly beyond the curative powers of a cautinary instruction. *See, United States v. Morrow*, 537 F.2d 120, 136 (5th Cir.1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977).

■ Movants maintain that a cautionary instruction in the present case would not be sufficient protection given the fact that defendants were physically present in the vessel at the time co-defendant Pedro Barrio Hernández volunteered the statement to Coast Guard members admitting there was marihuana aboard the vessel. We fail to agree. This statement is evidence which may be used only as to co-defendant Barrio. A defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against him. *United States v. Monks*, 774 F.2d 945, 948–949 (9th Cir. 1985).

In this Court's opinion, a clear cautionary instruction may be given regarding the admissibility of that statement only as to co-defendant Barrio so that the jury can make the individualized guilt determinations. *United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir.1986). The trial court can caution the jury during trial and at the close of trial, that is, prior to the introduction of the statement as well as prior to deliberations, to consider the statement only with respect to the defendant who gave it. *United States v. Taylor*, 792 F.2d 1019, 1023 (11th Cir.1986); *United States v. Sheikh*, 654 F.2d 1057, 1065 (5th Cir. 1981), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982).

■ To justify a severance the co-defendant's statement must be clearly inculpatory standing alone. *United States v. Satterfield*, 743 F.2d 827, 849 (11th Cir. 1984), *cert. denied*, 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). Although the statement was made in the presence of the other defendants, co-defendant Barrio did not inculpate any other defendant. *See, United States v. Valles Valencia*, 811 F.2d 1232 (9th Cir.1987).

Thus, using a cautionary instruction the district court may afford protection to defendants by enabling the jurors to compartmentalize the evidence. *United States v. Monks, supra*, at 949; *United States v. Taylor, supra*, at 1024. Adequate instructions can cure any prejudice caused by the statement. *United States v. Marolla*, 766 F.2d 457, 459 (11th Cir.1985).

Therefore, we find that under proper instruction by this Court the jury will be able to confine its use of the statement to consideration of defendant Barrios' guilt and render a fair verdict as to each defendant.

WHEREFORE, the motion for severance is DENIED.

IT IS SO ORDERED.